**IN THE UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| GALLANT CAPITAL MARKETS, LTD., | ) Case No. 17-41814-ESS |
| | ) |
| Debtor. | ) |
| | ) |
| | ) |
| | ) |
| ESTHER DUVAL, AS CHAPTER 11 TRUSTEE | ) Adv. No. 18-01038-ESS |
| OF GALLANT CAPITAL MARKETS, LTD. | ) |
| ESTATE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| AFX CAPITAL MARKETS LTD., AFX CAPITAL | ) |
| U.S. CORP. and STO SUPER TRADING ONLINE, | ) |
| | ) |
| Defendants. | |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT AFX CAPITAL
MARKETS LTD. TO FIRST AMENDED COMPLAINT TO TURNOVER $2.85
MILLION PURSUANT TO 11 U.S.C. §§ 105(a), 362, 541, 542, 547, 548, 551 AND 551**

Defendants AFX Capital Markets Ltd., ("AFX Capital"), AFX Capital U.S. Corp. ("AFX

U.S.") and STO Super Traders Online ("STO"), (collectively "AFX") and, by and through its

counsel, White and Williams LLP, for the Answer to the First Amended (the "Complaint")[1] and

states the following:

**NATURE OF THE CASE**

1.      AFX admits only that the Plaintiff filed the Complaint requesting certain relief,

including the avoidance of certain alleged preferential transfers.  AFX is without knowledge or

information sufficient to form a belief as to the truth of the balance of the allegations in

Paragraph 1 of the Complaint.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings as defined in the Complaint.

## JURISDICTION AND VENUE

2.      Paragraph 2 of the Complaint states a legal conclusion to which no response is required.   To the extent a response is required, denies each and every allegation contained in paragraph 2 of the Complaint.

3.      Paragraph 3 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, denies each and every allegation contained in paragraph 3 of the Complaint.

4.      Paragraph 4 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, denies each and every allegation contained in paragraph 4 of the Complaint.

5.      Paragraph 5 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, denies each and every allegation contained in paragraph 5 of the Complaint.

6.      Denies each and every allegation contained in paragraph 6 of the Complaint.

7.      Denies each and every allegation contained in paragraph 7 of the Complaint.

8.      Denies each and every allegation contained in paragraph 8 of the Complaint AFX.

9.      Denies each and every allegation contained in paragraph 9 of the Complaint.

10.      Denies each and every allegation contained in paragraph 10 of the Complaint.

11.      Denies each and every allegation contained in paragraph 11 of the Complaint.

12.      Denies each and every allegation contained in paragraph 12 of the Complaint.

13.      Denies each and every allegation contained in paragraph 13 of the Complaint.

14.      Denies each and every allegation contained in paragraph 14 of the Complaint.

15.      Denies each and every allegation contained in paragraph 15 of the Complaint.

16.    Denies each and every allegation contained in paragraph 16 of the Complaint.

17.    Denies each and every allegation contained in paragraph 17 of the Complaint.

18.    Denies each and every allegation contained in paragraph 18 of the Complaint.

19.    Denies each and every allegation contained in paragraph 19 of the Complaint.

**A.    AFX Defendants Expanded Operations
In the United States And Hired Thomas O'Reilly**

20.    Denies each and every allegation contained in paragraph 20 of the Complaint.

21.    Denies each and every allegation contained in paragraph 21 of the Complaint.

22.    Denies each and every allegation contained in paragraph 22 of the Complaint.

23.    Denies each and every allegation contained in paragraph 23 of the Complaint except admits that AFX U.S. was formed as a domestic New York corporation in October 2015, and was dissolved in October 2017.

24.    Denies each and every allegation contained in paragraph 24 of the Complaint, except admits that Manuela Mazzacco owned 50% of AFX U.S.

25.    Denies each and every allegation contained in paragraph 25 of the Complaint.

26.    Denies each and every allegation contained in paragraph 26 of the Complaint.

27.    Denies each and every allegation contained in paragraph 27 of the Complaint.

28.    Denies each and every allegation contained in paragraph 28 of the Complaint.

29.    Denies each and every allegation contained in paragraph 29 of the Complaint.

30.    Denies each and every allegation contained in paragraph 30 of the Complaint.

31.    Paragraph 31 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, denies each and every allegation contained in paragraph 31 of the Complaint.

32.     Denies each and every allegation contained in paragraph 32 of the Complaint, except admits that STO is a trading name of AFX Capital.

33.     Denies each and every allegation contained in paragraph 33 of the Complaint, except admits that STO is a trading name of AFX Capital.

34.     Denies each and every allegation contained in paragraph 34 of the Complaint.

35.     Denies each and every allegation contained in paragraph 35 of the Complaint.

36.     Denies each and every allegation contained in paragraph 36 of the Complaint.

37.     Denies knowledge or information sufficient to a form a belief as to the truth of the allegations contained in paragraph 37 of the Complaint.

38.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint.

39.     Denies each and every allegation contained in paragraph 39 of the Complaint.

40.     Denies each and every allegation contained in paragraph 40 of the Complaint.

41.     Paragraph 41 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, denies each and every allegation contained in paragraph 41 of the Complaint.

42.     Denies each and every allegation contained in paragraph 42 of the Complaint.

43.     Denies each and every allegation contained in paragraph 43 of the Complaint.

44.     Denies each and every allegation contained in paragraph 44 of the Complaint, except admits that Mario Persichino met with Thomas O'Reilly on occasion in New York.

45.     Denies each and every allegation contained in paragraph 45 of the Complaint, except admits that Manuela Mazzacco met with Thomas O'Reilly on occasion in New York.

46.     Denies each and every allegation contained in paragraph 46 of the Complaint.

47.     Denies each and every allegation contained in paragraph 47 of the Complaint.

48.     Denies each and every allegation contained in paragraph 48 of the Complaint, except admits that Thomas O'Reilly ran AFX U.S.'s day to day operations.

49.     Denies each and every allegation contained in paragraph 49 of the Complaint.

50.     Denies each and every allegation contained in paragraph 50 of the Complaint.

51.     Denies each and every allegation contained in paragraph 51 of the Complaint.

52.     Denies each and every allegation contained in paragraph 52 of the Complaint.

53.     Denies each and every allegation contained in paragraph 53 of the Complaint.

54.     Denies each and every allegation contained in paragraph 54 of the Complaint.

55.     Denies each and every allegation contained in paragraph 55 of the Complaint.

56.     Denies each and every allegation contained in paragraph 56 of the Complaint.

57.     Denies each and every allegation contained in paragraph 57 of the Complaint.

58.     Denies each and every allegation contained in paragraph 58 of the Complaint.

**B.      AFX Defendants Alert the Public about Its Presence**

59.     Denies each and every allegation contained in paragraph 59 of the Complaint.

60.     Denies each and every allegation contained in paragraph 60 of the Complaint.

61.     Denies each and every allegation contained in paragraph 61 of the Complaint, except admits that STO is a trading name of AFX Capital.

62.     Denies each and every allegation contained in paragraph 62 of the Complaint.

63.     Denies each and every allegation contained in paragraph 63 of the Complaint.

64.     Denies each and every allegation contained in paragraph 64 of the Complaint and refers to the referenced screenshot for the complete contents thereof.

65.     Denies each and every allegation contained in paragraph 65 of the Complaint.

66.     Denies each and every allegation contained in paragraph 66 of the Complaint and refers to the referenced press release for the complete contents thereof.

67.     Denies each and every allegation contained in paragraph 67 of the Complaint and refers to the referenced press release for the complete contents thereof.

68.     Denies each and every allegation contained in paragraph 68 of the Complaint and refers to the referenced press release for the complete contents thereof.

69.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 69 of the Complaint.

70.     Denies each and every allegation contained in paragraph 70 of the Complaint.

71.     Denies each and every allegation contained in paragraph 71 of the Complaint.

72.     Denies each and every allegation contained in paragraph 72 of the Complaint.

73.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 73 of the Complaint and refers to the referenced press release for the complete contents thereof.

74.     Denies each and every allegation contained in paragraph 74 of the Complaint.

75.     Denies each and every allegation contained in paragraph 75 of the Complaint.

76.     Denies each and every allegation contained in paragraph 76 of the Complaint and refers to the referenced exhibit for the complete contents thereof.

77.     Denies each and every allegation contained in paragraph 77 of the Complaint.

78.     Denies each and every allegation contained in paragraph 78 of the Complaint.

79.     Denies each and every allegation contained in paragraph 79 of the Complaint.

80.     Denies each and every allegation contained in paragraph 80 of the Complaint.

81.     Denies each and every allegation contained in paragraph 81 of the Complaint.

82.    Paragraph 82 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, denies each and every allegation contained in paragraph 82 of the Complaint.

83.    Denies each and every allegation contained in paragraph 83 of the Complaint.

84.    Denies each and every allegation contained in paragraph 84 of the Complaint.

85.    Paragraph 85 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, denies each and every allegation contained in paragraph 85 of the Complaint.

86.    Denies each and every allegation contained in paragraph 86 of the Complaint.

87.    Denies each and every allegation contained in paragraph 87 of the Complaint.

88.    Paragraph 88 of the Complaint states a legal conclusion to which no response is required.

C.    **AFX Defendants Are All Alter Egos of Each Other**

89.    Denies each and every allegation contained in paragraph 89 of the Complaint except admits that STO is a trading name for AFX Capital.

90.    Admits the allegations contained in paragraph 90 of the Complaint.

91.    Denies each and every allegation contained in paragraph 91 of the Complaint except admits that STO is a trading name for AFX Capital and refer to the referenced websites for the complete contents thereof.

92.    Denies each and every allegation contained in paragraph 92 of the complaint.

93.    Denies each and every allegation contained in paragraph 93 of the Complaint.

94.    Denies each and every allegation contained in paragraph 94 of the Complaint.

95.    Denies each and every allegation contained in paragraph 95 of the Complaint.

96.     Denies each and every allegation contained in paragraph 96 of the Complaint.

## THE PARTIES

97.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 97 of the Complaint.

98.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 98 of the Complaint.

99.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 99 of the Complaint.

100.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 100 of the Complaint.

101.     Denies each and every allegation contained in paragraph 101 of the Complaint except admits STO was a trading name of AFX Capital.

102.     Denies each and every allegation contained in paragraph 102 of the Complaint, except admits AFX Capital is authorized and regulated by the Cyprus Securities and Exchange Commission (license number 119/10).

103.     Admits the allegations contained in paragraph 103 of the Complaint.

104.     Denies each and every allegation contained in paragraph 104 of the Complaint.

105.     Denies each and every allegation contained in paragraph 105 of the Complaint.

106.     Denies each and every allegation contained in paragraph 106 of the Complaint.

## PROCEDURAL AND FACTUAL HISTORY

### A.    The Debtor's Bankruptcy Filing

107.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 107 of the Complaint.

108.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 108 of the Complaint.

109.    Denies each and every allegation contained in paragraph 109 of the Complaint and refer to the referenced filings for the complete contents thereof.

110.    Denies each and every allegation contained in paragraph 110 of the Complaint and refer to the referenced filings for the complete contents thereof.

111.    Paragraph 111 of the Complaint states a legal conclusion to which no response is required.

### B.    AFX Capital Markets Client Agreement with Gallant

112.    Admits the allegations contained in paragraph 112 of the Complaint.

113.    Denies each and every allegation contained in paragraph 113 of the Complaint.

114.    Denies each and every allegation contained in paragraph 114 of the Complaint, except admits that on March 20, 2015, AFX and Gallant amended the Client Agreement and refers to the Capital Risk Share Agreement referenced for the complete contents thereof.

115.    Denies each and every allegation contained in paragraph 115 of the Complaint.

116.    Denies each and every allegation contained in paragraph 116 of the Complaint and refers to the Client Agreement and Capital Risk Share Agreement for the complete contents thereof.

117.    Denies each and every allegation contained in paragraph 117 of the Complaint and refers to the Client Agreement and Capital Risk Share Agreement for the complete contents thereof.

**C.    Relevant Transactional History Between Gallant and AFX Capital Markets**

118.    Denies each and every allegation contained in paragraph 118 of the Complaint.

119.    Denies each and every allegation contained in paragraph 119 of the Complaint.

120.    Denies each and every allegation contained in paragraph 120 of the Complaint.

121.    Denies each and every allegation contained in paragraph 121 of the Complaint.

122.    Denies each and every allegation contained in paragraph 122 of the Complaint.

123.    Denies each and every allegation contained in paragraph 123 of the Complaint.

124.    Denies each and every allegation contained in paragraph 124 of the Complaint.

125.    Denies each and every allegation contained in paragraph 125 of the Complaint and refers to the referenced report for the complete contents thereof.

126.    Denies each and every allegation contained in paragraph 126 of the Complaint and refers to the referenced report for the complete contents thereof.

127.    Denies each and every allegation contained in paragraph 127 of the Complaint.

**D.    Gallant's Pre-Petition Demand for Its Money**

128.    Denies each and every allegation contained in paragraph 128 of the Complaint and refers to the referenced email for the complete contents thereof.

129.    Denies each and every allegation contained in paragraph 129 of the Complaint and refers to the referenced email for the complete contents thereof.

130.    Denies each and every allegation contained in paragraph 130 of the Complaint.

131.    Denies each and every allegation contained in paragraph 131 of the Complaint.

132.    Denies each and every allegation contained in paragraph 132 of the Complaint.

133.    Denies each and every allegation contained in paragraph 133 of the Complaint.

134.    Denies each and every allegation contained in paragraph 134 of the Complaint

and refers to the referenced declaration for the complete contents thereof.

E.    **Trustee's Investigation Reveals Unauthorized Transfers by AFX from Gallant Account**

135.    Denies each and every allegation contained in paragraph 135 of the Complaint.

136.    Denies each and every allegation contained in paragraph 136 of the Complaint.

137.    Denies each and every allegation contained in paragraph 137 of the Complaint.

138.    Denies each and every allegation contained in paragraph 138 of the Complaint.

139.    Denies each and every allegation contained in paragraph 139 of the Complaint

and refers to the referenced email for the complete contents thereof.

140.    Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 140 of the Complaint.

141.    Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 141 of the Complaint.

142.    Denies each and every allegation contained in paragraph 142 of the Complaint,

and refers to the referenced report for the complete contents thereof.

F.    **Post-Petition Demands by the Trustee for AFX To Return the Gallant Funds**

143.    Denies each and every allegation contained in paragraph 143 of the Complaint.

144.    Denies each and every allegation contained in paragraph 144 of the Complaint

and refers to the referenced letter for the complete contents thereof.

145.    Denies each and every allegation contained in paragraph 145 of the Complaint, except admits a letter was sent and refers to the referenced letter for the complete contents thereof.

146.    Denies each and every allegation contained in paragraph 146 of the Complaint and refers to the referenced letters for the complete contents thereof.

147.    Denies each and every allegation contained in paragraph 147 of the Complaint.

148.    Denies each and every allegation contained in paragraph 148 of the Complaint.

149.    Denies each and every allegation contained in paragraph 149 of the Complaint.

150.    Denies each and every allegation contained in paragraph 150 of the Complaint.

**FIRST CLAIM FOR RELIEF AGAINST ALL AFX DEFENDANTS**
**(Turnover of Property of the Estate - §§ 541 and 542)**

151.    Repeats and realleges each of the aforementioned admissions and denials as if set forth at length herein.

152.    Denies each and every allegation contained in paragraph 152 of the Complaint.

153.    Denies each and every allegation contained in paragraph 153 of the Complaint.

154.    Denies each and every allegation contained in paragraph 154 of the Complaint.

155.    Denies each and every allegation contained in paragraph 155 of the Complaint.

**SECOND CLAIM FOR RELIEF AGAINST ALL AFX DEFENDANTS**
**(Declaratory Relief – 28 U.S.C. § 2201(a))**

156.    Repeats and realleges each of the aforementioned admissions and denials as if set forth at length herein.

157.    Denies each and every allegation contained in paragraph 157 of the Complaint.

158.    Denies each and every allegation contained in paragraph 158 of the Complaint.

159.    Denies each and every allegation contained in paragraph 159 of the Complaint.

160.    Denies each and every allegation contained in paragraph 160 of the Complaint.

161.    Denies each and every allegation contained in paragraph 161 of the Complaint.

### THIRD CLAIM FOR RELIEF AGAINST ALL AFX DEFENDANTS
**(Preference –§ 547)**

162.    Repeats and realleges each of the aforementioned admissions and denials as if set forth at length herein.

163.    Denies each and every allegation contained in paragraph 163 of the Complaint.

164.     Denies each and every allegation contained in paragraph 164 of the Complaint.

165.     Denies each and every allegation contained in paragraph 165 of the Complaint.

166.     Denies each and every allegation contained in paragraph 166 of the Complaint.

167.     Denies each and every allegation contained in paragraph 167 of the Complaint.

168.    Denies each and every allegation contained in paragraph 168 of the Complaint.

169.    Denies each and every allegation contained in paragraph 169 of the Complaint.

170.    Denies each and every allegation contained in paragraph 170 of the Complaint.

171.    Denies each and every allegation contained in paragraph 171 of the Complaint.

172.    Denies each and every allegation contained in paragraph 172 of the Complaint.

### FOURTH CLAIM FOR RELIEF AGAINST ALL AFX DEFENDANTS
**(Fraudulent Conveyance –§ 547)**

173.    Repeats and realleges each of the aforementioned admissions and denials as if set forth at length herein.

174.    Denies each and every allegation contained in paragraph 174 of the Complaint.

175.    Denies each and every allegation contained in paragraph 175 of the Complaint.

176.    Denies each and every allegation contained in paragraph 176 of the Complaint.

### FIFTH CLAIM FOR RELIEF AGAINST ALL AFX DEFENDANTS
**(Fraudulent Conveyance –§ 548(b))**

177.    Repeats and realleges each of the aforementioned admissions and denials as if set forth at length herein.

178.    Denies each and every allegation contained in paragraph 178 of the Complaint.

179.    Denies each and every allegation contained in paragraph 179 of the Complaint.

180.    Denies knowledge or information sufficient to form a conclusion as to the truth of the allegations contained in paragraph 180 of the Complaint.

181.    Denies each and every allegation contained in paragraph 181 of the Complaint.

182.    Denies each and every allegation contained in paragraph 182 of the Complaint.

183.    Denies each and every allegation contained in paragraph 183 of the Complaint.

### SIXTH CLAIM FOR RELIEF AGAINST ALL AFX DEFENDANTS
**(Violation of Automatic Stay –§§ 105(a) and 362)**

184.    Repeats and realleges each of the aforementioned admissions and denials as if set forth at length herein.

185.    Denies each and every allegation contained in paragraph 185 of the Complaint.

186.    Denies each and every allegation contained in paragraph 186 of the Complaint.

187.    Denies each and every allegation contained in paragraph 187 of the Complaint.

188.    Denies each and every allegation contained in paragraph 188 of the Complaint.

189.    Denies each and every allegation contained in paragraph 189 of the Complaint.

### SEVENTH CLAIM FOR RELIEF AGAINST ALL AFX DEFENDANTS
**(Declaratory Judgment – 28 U.S.C. §§ 2201)**

190.    Repeats and realleges each of the aforementioned admissions and denials as if set forth at length herein.

191.    Denies each and every allegation contained in paragraph 191 of the Complaint.

192.    Denies each and every allegation contained in paragraph 192 of the Complaint.

193.    Denies each and every allegation contained in paragraph 193 of the Complaint.

194.    Denies each and every allegation contained in paragraph 194 of the Complaint.

195.    Denies each and every allegation contained in paragraph 195 of the Complaint.

196.    Denies each and every allegation contained in paragraph 196 of the Complaint.

197.    Denies each and every allegation contained in paragraph 197 of the Complaint.

198.    Denies each and every allegation contained in paragraph 198 of the Complaint.

## PRESERVATION OF CLAIMS

199.    Denied.  Defendants deny that the Trustee has any right to reserve the right to bring any additional causes of action.  Paragraph 199 is further denied to the extent it states a conclusion of law to which no response is required.

## AFFIRMATIVE DEFENSES AND RESERVATION OF RIGHTS

### FIRST AFFIRMATIVE DEFENSE

The Court lacks personal jurisdiction over the Defendants.

### SECOND AFFIRMATIVE DEFENSE

The relief requested in the Complaint should be denied, pursuant to 11 U.S.C. § 547(c)(2), to the extent any alleged transfer(s) were made in payment of debts incurred by the Debtor(s) in the ordinary course of business or financial affairs of the Debtor(s) and AFX, and were made: (1) in the ordinary course of business or financial affairs of the Debtor(s) and AFX, or (2) were made according to ordinary business terms.

### THIRD AFFIRMATIVE DEFENSE

The relief requested in the Complaint should be denied, pursuant to 11 U.S.C. § 547(c)(4), to the extent AFX subsequently gave new value to or for the benefit of the Debtor(s)

-15-

which was not secured by an otherwise unavoidable security interest and on account of which new value the Debtor(s) did not make an otherwise avoidable transfer to or for the benefit of AFX.

**FOURTH AFFIRMATIVE DEFENSE**

The relief requested in the Complaint should be denied to the extent the Debtor(s) was solvent when any alleged transfer(s) were made, and were not rendered insolvent by any of the alleged transfer(s).

**FIFTH AFFIRMATIVE DEFENSE**

The relief requested in the Complaint should be denied, in whole or part, to the extent that Debtor(s) assumed obligations to AFX under a pre-petition executory contract.

**SIXTH AFFIRMATIVE DEFENSE**

The relief requested in the Complaint should be denied to the extent: (i) the Plaintiff or the Debtor(s) objected to any claim filed by AFX, or (ii) AFX has a scheduled claim, a valid proof of claim, or is entitled to an administrative claim against the estates of the Debtor(s) or any affiliated Debtor(s); and AFX expressly reserves its rights to set-off any of its claims against the alleged transfer(s).

**SEVENTH AFFIRMATIVE DEFENSE**

The relief requested in the Complaint should be denied to the extent Plaintiff attempts to disallow under 11 U.S.C. § 502(d) any claim held by AFX against the Debtor(s) and lacks the power to avoid and recover any transfer under 11 U.S.C. §§ 547 – 550.

**EIGHTH AFFIRMATIVE DEFENSE**

The relief requested in the Complaint should be denied to the extent any alleged transfer(s) were not made within the ninety days immediately prior to the Petition Date.

### NINTH AFFIRMATIVE DEFENSE

The relief requested in the Complaint should be denied to the extent Plaintiff lacks authorization or standing to pursue the relief requested in the Complaint on behalf of or in lieu of the Debtors.

### TENTH AFFIRMATIVE DEFENSE

The relief requested in the Complaint should be denied for failure to state a claim upon which relief can be granted.

### ELEVENTH AFFIRMATIVE DEFENSE

The relief requested in the Complaint should be denied on the basis of fraud, bad faith, illegality, and unclean hands on the part of the Debtor(s) and/or the Plaintiff and pursuant to the doctrine of *in pari delicto*.

### TWELFTH AFFIRMATIVE DEFENSE

The relief requested in the Complaint should be denied, in whole or part, to the extent that the Plaintiff's claims are barred by the doctrine of estoppel, including without limitation equitable estoppel.

### THIRTEENTH AFFIRMATIVE DEFENSE

The relief requested in the Complaint should be denied, in whole or part, to the extent that the Plaintiff's claims are barred by the doctrine of waiver.

### FOURTEENTH AFFIRMATIVE DEFENSE

The relief requested in the Complaint should be denied, in whole or part, to the extent that the Plaintiff's claims are barred by the doctrine of laches.

## FIFTEENTH AFFIRMATIVE DEFENSE

The relief requested in the Complaint should be denied, in whole or part, to the extent the transfer(s) in question are subject to the doctrine of recoupment.

## SIXTEENTH AFFIRMATIVE DEFENSE

The relief requested in the Complaint should be denied, in whole or part, to the extent the transfer(s) in question are subject to the doctrine of setoff.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The relief requested in the Complaint should be denied in whole or in part to the extent the transfer(s) were not made on account of an antecedent debt.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The relief requested in the Complaint should be denied, in whole or in part, to the extent that the Plaintiff's claims are barred by the doctrine of ratification.

## NINETEENTH AFFIRMATIVE DEFENSE

The relief requested in the Complaint should be denied to the extent that the transfer(s) did not enable AFX to receive more than it would have received if this case were a case under chapter 7 of the Bankruptcy Code.

## TWENTIETH AFFIRMATIVE DEFENSE

The relief requested in the Complaint should be denied, in whole or part, to the extent that the Plaintiff's claims are barred by the applicable statute of limitations.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The relief requested in the Complaint should be denied, in whole or part, to the extent that the Plaintiff's claims are barred by the Debtor(s) or Plaintiff's fraud and/or illegal conduct.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

The Plaintiff is estopped from asserting these claims to the extent that the transactions complained of benefited the Debtor(s) and were affirmed and completed with the knowledge, agreement or acquiescence of the Debtor(s).

## TWENTY-THIRD AFFIRMATIVE DEFENSE

The relief requested in the Complaint should be denied to the extent that, at the time of the alleged transfer(s), the transferor was not engaged or about to engage in a business or transaction for which its remaining assets were unreasonably small in relation to the business or transaction.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

The relief requested in the Complaint should be denied to the extent that, at the time of the alleged transfer(s), the transferor did not intend to incur, and did not believe or should not have reasonably believed that it would incur, debts beyond its ability to pay as they became due.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

The relief requested in the Complaint should be denied to the extent the transferor received reasonably equivalent value for the alleged transfer(s).

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

The relief requested in the Complaint should be denied to the extent that AFX Capital provided reasonably equivalent value for the alleged transfer(s).

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The relief requested in the Complaint should be denied as the transfers were not made with actual intent to hinder, delay, or defraud either present or future creditors, and were not received by AFX Capital with actual intent to hinder, delay, or defraud present or future creditors.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

The relief requested in the Complaint should be denied based on the doctrine of *forum non conveniens*.

## RESERVATION OF DEFENSES

Defendants give notice that they intend to rely upon any other defenses that may become available or apparent during investigation and discovery and reserves the right to assert additional defenses and affirmative defenses as they become known through investigation and discovery.

## PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully request the following relief from the Court:

(a)     that the Complaint be dismissed in its entirety, with prejudice;

(b)     that Defendants be awarded its attorneys' fees incurred herein, as well as the costs of suit and litigation expenses; and

(c)     that Defendants have such other and further relief that this Court may deem just and proper.

Dated:  November 19, 2018             WHITE AND WILLIAMS LLP


BY:   /s/ Thomas E. Butler
        Thomas E. Butler
        Heidi J. Sorvino
        Nicole A. Sullivan
        7 Times Square, Suite 2900
        New York, NY 10036-6524
        Phone: 212.714-3070
        butlert@whiteandwilliams.com

        *Attorneys for Defendants.*