# EXHIBIT A

**LaMonica Herbst & Maniscalco, LLP**
*Moving Forward. Staying Ahead.*®

Joseph S. Maniscalco, Esq.
Member
p: 516.826.6500 x218
jsm@lhmlawfirm.com

November 16, 2017

***Via Electronic and Overnight Mail***
Douglas E. Spelfogel, Esq.
FOLEY & LARDNER LLP
90 Park Avenue
New York, New York 10016
dspelfogel@foley.com

In re:   Avenica, Inc. and Gallant Capital Markets, LTD.
Chapter 11
Case No. 17-41813 (ESS)

Dear Mr. Spelfogel:

As you know, my firm represents Esther DuVal, the Chapter 11 Trustee (the "Trustee") of the jointly administered estates of Avenica, Inc. ("Avenica") and Gallant Capital Markets, Ltd. ("Gallant", along with Avenica are referred to as the "Debtors"). Based upon my review of documents and conversations with the Trustee, it is clear there is a dispute with AFX Capital Markets, Ltd. ("AFX"). Indeed, AFX has failed to turnover property of the estate, which it is improperly holding. Presumably, AFX and your firm have been aware of this dispute for at least seven (7) months.

This letter serves as a reminder that AFX was and is required to preserve any electronically stored information ("ESI") and cannot destroy, conceal or alter any ESI including, without limitation, all electronic mails that may be stored on third-party servers or internet services, from, to, or concerning the Debtors or any of the parties involved in this dispute, hard drives, jump drives, CD-ROMs, backup tapes and disks.

ESI that is covered by this notice includes any information that in any way relates or pertains to AFX or its communications from, with, or concerning the Debtors or any of the parties in this dispute. ESI that may be subject to our discovery requests and that AFX is obligated to maintain and not alter or destroy, includes, without limitation:

| | | |
|---|---|---|
| i. | | Digital communications (e.g., electronic mail, voice mail, instant messaging); |
| ii. | | Word processed documents (e.g., Word or WordPerfect documents and drafts); |
| iii. | | Spreadsheets and tables (e.g., Excel or Lotus 123 worksheets); |
| iv. | | Accounting Application Data (e.g., QuickBooks, Money, Peachtree data files); |
| v. | | Image and Facsimile Files (e.g., PDF, .TIFF, .JPG, .GIF images); |
| vi. | | Sound Recordings (e.g., WAV and .MP3 files); |
| vii. | | Video and Animation (e.g., AVI and .MOV files); |
| viii. | | Databases (e.g., Access, Oracle, SQL Server data, SAP); |
| ix. | | Contact and Relationship Management Data (e.g., Outlook, ACT!); |
| x. | | Calendar and Diary Application Data (e.g., Outlook PST, Yahoo, blog tools); |
| xi. | | Online Access Data (e.g., Temporary Internet Files, History, Cookies); |
| xii. | | Presentations (e.g., PowerPoint, Corel Presentations) |
| xiii. | | Network Access and Server Activity Logs; |

**LaMonica Herbst & Maniscalco, LLP**

Douglas E. Spelfogel, Esq.
November 16, 2017
Page 2

    xiv.      Project Management Application Data;
    xv.       Computer Aided Design/Drawing Files; and
    xvi.      Back Up and Archival Files (e.g., Zip, GHO)

In order to avoid spoliation, AFX may need to provide the data requested on the original media. AFX should not reuse any media or provide this data to anyone. ESI and the storage media on which it resides contain relevant, discoverable information beyond that which may be found in printed documents. Therefore, even where a paper copy exists, the Trustee may seek all data in its electronic form along with information about that data contained on the media. The Trustee may also seek paper printouts of certain data that contain unique information after they were printed out (such as paper documents containing handwriting, signatures, marginalia, drawings, annotations, highlighting and redactions), along with any paper documents for which no corresponding electronic files exist.

AFX is not to encrypt, pack, compress, purge or otherwise dispose of files and parts of files unless a true and correct copy of such files is made. AFX is also directed to preserve and not destroy all passwords, decryption procedures (including, if necessary, the software to decrypt the files); network access codes, ID names, manuals, tutorials, written instructions, decompression or reconstruction software, and any and all other information and things necessary to access, view and (if necessary) reconstruct the ESI we may request through discovery.

AFX should also take affirmative steps to prevent anyone with access to its data, systems and archives from seeking to modify, destroy or hide electronic evidence on network or local hard drives (such as by deleting or overwriting files, using data shredding and overwriting applications, defragmentation, re-imaging or replacing drives, encryption, compression, steganography or the like).

With regard to ESI created subsequent to the date of delivery of this letter, relevant evidence is not to be destroyed and AFX is to take whatever steps are appropriate to avoid destruction of evidence.

Thank you.

Very truly yours,

Joseph S. Maniscalco

JSM:
cc: Geoffrey S. Goodman, Esq.
     Esther DuVal, Trustee
     John Mairo, Esq.
     Rob M. Schechter, Esq.

M:\Documents\Company\Cases\Gallant and Avenica cases\AFX AR\Ltr to Counsel re litigation hold.doc