

**Heidi J. Sorvino**

7 Times Square, Suite 2900 | New York, NY 10036-6524
Direct 212.631.4417 | Fax 212.631.1249
sorvinoh@whiteandwilliams.com | whiteandwilliams.com

October 15, 2019

<u>*Via Electronic Filing*</u>
The Honorable Elizabeth S. Stong
United States Bankruptcy Court, E.D.N.Y.
Conrad B. Duberstein U.S. Courthouse
271-C Cadman Plaza East, Suite 1595
Brooklyn, NY  11201-1800

> In re:   Esther DuVal, as Chapter 11 Trustee of Gallant Capital
>             Markets Ltd. v. AFX Capital Markets Ltd. *et al.*
>             Adv. Proc. No. 18-1038 (ESS)

Dear Judge Stong:

    We represent AFX Capital Markets Ltd. ("AFX") in the above-referenced adversary proceeding.  We are writing to inform the Court about certain events surrounding AFX and to request a conference to address how to move forward.

    In late August, we were informed for the first time that AFX had had its licenses suspended by the Cyprus Securities Administration, effectively preventing it from continuing its operation. At that time, AFX was hoping to resolve the issues with the regulator and resume operations.  However, we subsequently learned that its affiliate, AFX Markets Ltd. had been placed into special administration in the High Court of Justice Business and Property Courts of England and Wales Insolvency Case No.: CR-2019-00563.  A copy of the Order is attached. We have been informed by the administrator's office that the operation has been shut down and that the administrator has taken control of the premises and the company's servers.  We have been unable to reach AFX or its officers either through email or phone due to the administration and regulatory proceeding to address these issues.

    There is currently before Your Honor a Motion of Chapter 11 Trustee Seeking the Entry of an Order for a Judgment against the AFX Defendants seeking Sanctions and Fees for Engaging in Bad Faith and Injunctive Relief (ECF 58) (the "Sanctions Motion") that is returnable on October 24, 2019.  As a threshold matter, we believe that the Sanctions Motion is entirely without merit.  Not only does it make a number of baseless allegations of bad faith, but it completely ignores that the Settlement Stipulation (ECF 49) previously signed by all of the

The Honorable Elizabeth S. Stong
October 15, 2019
Page 2

parties expressly provides how the parties should proceed if indeed there was a default under the settlement. In particular, the Stipulation provided that, in the event of a default, the Trustee had the right to resume the litigation. The Trustee exercised that right on June 26 and in the aftermath we have complied fully with the Trustee's discovery requests.

Moreover, the Sanctions Motion fails to mention anything about the regulatory issues in Cyprus or the administration in the U.K.. Notably, on the day we were first informed that AFX's Cyprus licenses had been suspended, we advised Joseph Maniscalco, Esq., counsel to the Chapter 11 Trustee of the situation and told him that we needed to receive an update from the client regarding its status before we could address whether the parties' settlement could be completed. Yet, Mr. Maniscalco decided to file the Sanctions Motion anyway. We have recently requested that the Motion be withdrawn so that the circumstances could be addressed with the Court, but Mr. Maniscalco has not agreed to do so.

Given the circumstances, we find ourselves in a quandary with no communication from our client yet a deadline to respond to the Sanctions Motion. We respectfully request that our response to the Sanctions Motion be held in abeyance and that the Court instead hold a conference wherein counsel and the Court can discuss an appropriate way to move forward

Respectfully submitted,

WHITE AND WILLIAMS LLP

Heidi J. Sorvino

HJS:sgm

Case 1-18-01038-ess    Doc 60    Filed 10/15/19    Entered 10/15/19 11:19:54

IN THE HIGH COURT OF JUSTICE
BUSINESS AND PROPERTY COURTS OF ENGLAND AND WALES
INSOLVENCY AND COMPANIES LIST (ChD)

IN THE MATTER OF AFX MARKETS LIMITED (Company number 07612002)
IN THE MATTER OF THE INVESTMENT BANK SPECIAL ADMINISTRATION
REGULATIONS 2011
AND IN THE MATTER OF THE BANKING ACT 2009
AND IN THE MATTER OF THE INSOLVENCY ACT 1986

CR-2019-005638

*[Stamp: HIGH COURT OF JUSTICE, 27 Aug 2019, THE BUSINESS & PROPERTY COURTS OF ENGLAND & WALES]*

BEFORE INSOLVENCY AND COMPANIES COURT JUDGE MULLEN
ON 27 AUGUST 2019

BETWEEN:

THE FINANCIAL CONDUCT AUTHORITY

**Applicant**

-and-

AFX MARKETS LIMITED

**Respondent**

---

### ORDER

---

UPON the application by the Financial Conduct Authority, 12 Endeavour Square, London, E20 1JN (the "**Applicant**") dated 22 August 2019 for an order placing the AFX Markets Limited, 22 Sun Street, 2nd Floor, London, EC2M 2PY (the "**Respondent**") into special administration (the "**Application**")

AND UPON the Application having been served on the Respondent and the persons nominated for appointment as joint special administrators in accordance with rule 10 of the Investment Bank Special Administration (England and Wales) Rules 2011/1301

AND UPON reading the Application and the evidence

AND UPON the Court being satisfied that the Application is urgent and fit for August business

AND UPON hearing Lara Hassell-Hart, counsel for the Applicant

AND UPON the Court being satisfied that the Regulation (EU) 2015/848 on Insolvency Proceedings does not apply

AND UPON the Court being satisfied that, for the purposes of Articles 2(a)-(b) and (d) of

the UNCITRAL Model Law on Cross-Border Insolvency, the special administration proceeding sought to be commenced is in the state where the Respondent has the centre of its main interests and that the proposed special administrators to be appointed are authorised to administer the reorganisation of the Respondent's assets or affairs

**IT IS ORDERED THAT:**

1. With effect from the time and date specified in paragraph 2, Jonathan Elman Avery-Gee and Daniel Mark Richardson, both of CG Recovery Limited, Greg's Building, 1 Booth Street, Manchester, M2 4DU, each a qualified insolvency practitioner, are appointed joint special administrators of the Respondent pursuant to Regulation 7(1)(a) of the Investment Bank Special Administration Regulations 2011.

2. The appointment of the joint special administrators takes effect at 12.23pm BST on the date of this Order.

3. During the period for which this Order is in force:

   a. The affairs, business and property of the Respondent shall be managed by the joint special administrators in accordance with the Investment Bank Special Administration Regulations 2011; and

   b. Any act required or authorised under any enactment to be done by either or all of the joint special administrators may be done by any one or more of the persons for the time being holding that office.

4. The Applicant shall serve this Order on the Respondent and each of the joint special administrators.

5. The Applicant's costs of and associated with its application shall be an expense of the special administration.

**Service of the Order**

The Court shall provide 3 sealed copies of this Order to the serving party:

(a) **By post to:** The Financial Conduct Authority, 12 Endeavour Square, London, E20 1JN (ref: ENF/LLR/EI0000/WW/RG/ZE).

(b) **By email to:** Rebecca.green@fca.org.uk